ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JUL -7 PM 12: 35

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JERRY CARVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | MC 305-003 |
| ) | |
| HILTON HALL, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   PROCEDURAL POSTURE

The captioned closed case is before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, motion for leave to proceed *in forma pauperis*, and renewed "Motion to Waive Exhaustion of State Remedies." (Doc. nos. 6-8.) Petitioner brought this miscellaneous case on September 26, 2005. (Doc. nos. 1-4.) Petitioner filed various motions, including his original "Motion to Waive Exhaustion of State Remedies," and "complain[ed] that he filed a state habeas corpus action in the Superior Court of Macon County, Georgia, on October 3, 2002, but that the state habeas court has failed to rule on his petition." (Doc. no. 5, p. 1 (citing doc. no. 2, p. 1).) On November 1, 2005, the Honorable Dudley H. Bowen, Jr., United States District Judge, denied Petitioner's motions and closed the case. (Doc. no. 5.)

Judge Bowen explained:

> Although Petitioner has named Hilton Hall, his warden, as Respondent, he has not actually submitted a habeas petition to the Court; nor

does he indicate what conviction(s) he wishes to challenge, or even what state court entered the conviction(s) about which he complains. Neither does Petitioner indicate whether he pursued any direct appeal of his conviction(s). Apparently, Petitioner simply seeks leave to file a federal habeas petition with a promise from the Court that it will not dismiss the petition for failure to exhaust state remedies.

. . . .

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 175 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (*per curiam*) (holding that an inordinate delay can, under certain circumstances, excuse exhaustion).

Of course, this is exactly what Petitioner contends has occurred in his case. Nevertheless, it would be inappropriate for the Court to offer Petitioner the assurance he seeks at this time, when the Court is unaware of the facts surrounding Petitioner's state court proceedings or the merits of any anticipated claims. In other words, although a federal habeas court--in rare circumstances--may deviate from the exhaustion requirement, it would be improper to assure Petitioner that the Court will not apply the exhaustion requirement to his case when his anticipated petition is not even before the Court. Nor would it be appropriate for the Court to take such drastic action without first affording Respondent an opportunity to respond to Petitioner's allegations. In sum, Petitioner has hardly demonstrated that the Court should discard the exhaustion requirement in his case.

Thus, Petitioner's "Motion to Waive Exhaustion of State Remedies," and his request to proceed *in forma pauperis* are **DENIED**. Of course, if Petitioner wishes to submit a § 2254 petition, he may do so. Should Petitioner choose to file a habeas petition, it must be accompanied by the $5.00 filing fee or a motion to proceed *in forma pauperis*.

If Petitioner chooses to file a habeas petition in this Court, it will be subject to an initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. If upon initial screening the Court decides that Petitioner's substantive claims of error and his contentions regarding the state habeas court's delay have merit, it will order Respondent to respond in writing to the allegations of the petition and to address the exhaustion issue. That said, this matter is **CLOSED**.

(Doc. no. 5, pp. 1-2, 5-6 (footnotes omitted).)

Now, several months later, Petitioner has responded to Judge Bowen's order by filing

a § 2254 petition, a motion for leave to proceed *in forma pauperis*, and a renewed "Motion to Waive Exhaustion of State Remedies." (Doc. nos. 6-8.) As Judge Bowen indicated, the petition is subject to initial review under Rule 4 of the Rules Governing Section 2254 Cases.[1] Based upon its initial review, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 6) be **DENIED**, that his renewed "Motion to Waive Exhaustion of State Remedies" (doc. no. 8) be **DENIED**, that the petition (doc. no. 7) be **DISMISSED**, and that this miscellaneous case remain **CLOSED**.

II. **BACKGROUND**

According to Petitioner, following a jury trial in the Superior Court of Wheeler County, Geogia, Petitioner was convicted of aggravated assault upon a peace officer and felony obstruction of an officer on November 14, 1989. (Doc. no. 7, p. 1.) The Georgia Court of Appeals affirmed Petitioner's convictions on March 5, 1992. Carver v. State, 203 Ga. App. 197, 416 S.E.2d 810 (1992). Petitioner then filed a petition for a writ of habeas corpus in the Superior Court of Macon County, Georgia, on October 3, 2002. (Doc. no. 7, pp. 3-4.) Petitioner maintains that the state habeas court has still not issued a ruling on the petition. (Id. at 4.)

Petitioner executed the instant federal petition on June 12, 2006. (Id. at 7.) Petitioner

---

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

avers that his convictions are invalid because he was denied the right to an impartial jury. (Id. at 5.) Petitioner also maintains that his trial and appellate counsel were ineffective. (Id.) The Court resolves the matter as follows.

### III. DISCUSSION

Section 2254 petitions are subject to a one-year statute of limitations. Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D)

apply, the instant case is governed by § 2244(d)(1)(A). Under § 2244(d)(1)(A), quoted above, a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Here, Petitioner's convictions became "final" in March 1992, when the ten (10) day period in which he could seek review by the Georgia Supreme Court (of the Georgia Court of Appeals's denial of his direct appeal) expired. See Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"); Georgia Sup. Ct. Rule 38; Georgia Ct. of App. R. 38(a)(1) ("Notice of intention to petition for certiorari shall be filed with the Clerk of this Court within 10 days after the judgment . . . .").

Of key interest here, in the Eleventh Circuit, petitions filed after the enactment date of the AEDPA but attacking convictions which became final prior to that date are subject to a bright-line rule. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (*per curiam*). Prisoners whose convictions became final prior to the effective date of the AEDPA must be given a reasonable time after the statute's enactment to file their motions for habeas corpus relief, and "a reasonable period is until April 23, 1997, one year from the date of enactment of § 105 of the AEDPA." Id. (quoting Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998)). Thus, prisoners seeking federal habeas corpus relief from a conviction which became final prior to April 24, 1996 must have filed their petition in federal court by April 23, 1997, one year after the effective date of the AEDPA.

Petitioner did not file anything in this Court until 2005, several years too late. Of

course, a prisoner may delay the start of his AEDPA clock by showing that §§ 2244(d)(1)(B), (C), or (D) apply. However, as the Court has already noted, Petitioner has provided no basis for supposing that these provisions apply. Thus, the Wilcox bright-line rule applies.

That said, a prisoner may also stop the running of his AEDPA clock while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see also Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). However, Petitioner did not file his state habeas petition until 2002. By then, the statutory period had already expired. "[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)(citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). In sum, § 2244(d)(2) is of no benefit to Petitioner.

Of course, "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Secretary for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) (*per curiam*) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Nevertheless, equitable tolling "is an extraordinary remedy that is typically applied sparingly," and it is only "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (*per curiam*) (citations and quotations omitted). Accordingly, "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id. Here,

6

Petitioner has not provided any explanation in his petition that would satisfy the "extraordinary circumstances" and "due diligence" thresholds described above. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.[2]

## IV.  CONCLUSION

For the foregoing reasons, the Court **FINDS** the instant petition for a writ of habeas corpus is time-barred.  Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 6) be **DENIED**, that his renewed "Motion to Waive Exhaustion of State Remedies" (doc. no. 8) be **DENIED**, that the petition (doc. no. 7) be **DISMISSED**, and that this miscellaneous case remain **CLOSED**.

SO REPORTED AND RECOMMENDED this 7th day of July, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] Nor has Petitioner made a claim of actual innocence that might warrant consideration of an otherwise untimely federal petition. See Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). "Actual innocence" refers to the rare instance in which a *constitutional violation* has resulted in the conviction of one who is probably innocent. Sibley, 377 F.3d at 1205.